# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DARROLD BRINK, <br><br> Plaintiff, <br><br> vs. <br><br> LITOW LAW OFFICE, and CHARLES L. LITOW, <br><br> Defendants. | No. C05-1005-LRR <br><br> **ORDER** |

---

## *I. INTRODUCTION*

The matter before the court is Defendants' Motion to Dismiss under Rule 12(b)(6) (docket no. 9). The motion is resisted.

On January 19, 2005, Plaintiff Darrold Brink filed a Complaint in this court against Defendants Citibank (South Dakota), N.A. ("Citibank"), Litow Law Office, and Charles L. Litow, alleging Defendants engaged in activities prohibited by the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.* ("RICO") by attempting to collect his alleged credit card debt to Citibank by means of fraud and extortion. Plaintiff invokes this court's jurisdiction inasmuch as his claim involves a federal question.

On February 28, 2005, Defendant Citibank filed a Motion to Dismiss. On March 3, 2005, Defendants Litow Law Office and Charles L. Litow joined in Citibank's Motion to Dismiss Citibank. On March 4, 2005, Plaintiff filed a Motion to Dismiss Case against Citibank. On March 22, 2005, the court granted all four motions and dismissed Citibank as a defendant in this case. Thus, the remaining defendants are Litow Law Office and Charles L. Litow (hereinafter "Defendants").

On May 26, 2005, Defendants filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending Plaintiff fails to state a claim upon which relief can be granted. On June 17, 2005, Plaintiff filed a Brief in Opposition to Motion to Dismiss. Finding the matter to be fully submitted, the court turns to address its merits.

## II. LEGAL ANALYSIS

Defendants move the court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The issue on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of his claims. *United States v. Aceto Agric. Chem. Corp.,* 872 F.2d 1373, 1376 (8th Cir. 1989). In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged by the complaining party are true. *Gross v. Weber,* 186 F.3d 1089, 1090 (8th Cir. 1999). The court also must liberally construe the complaining party's allegations in the light most favorable to the non-movant. *Id.* In treating the factual allegations of a complaint as true pursuant to Rule 12(b)(6), the court must "reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997) (citing *In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 926 (9th Cir. 1996)). The United States Supreme Court and the Eighth Circuit Court of Appeals have both observed, "a court should grant the motion and dismiss the action 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v. Lemaire,* 112 F.3d 1339, 1347 (8th Cir. 1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). Federal Rule of Civil Procedure 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 327

(1989). Thus, "[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995) (internal quotation marks and ellipses omitted).

"To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation." *Asa-Brandt, Inc. v. ADM Investor Services, Inc.*, 344 F.3d 738, 752 (8th Cir. 2003) (citing *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 951 (8th Cir. 1999)). "Then a RICO plaintiff must prove the defendant 'engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Id.* (quoting *Handeen*, 112 F.3d at 1347).

Plaintiff's Affidavit attached to his Complaint alleges the following: "As a result of the harassment of Litow and Litow's repeated attempts to extort money and property from me and because of Litow's dissemination of false information about my finances, I have been deprived of business opportunities and been damaged in my business enterprises." Complaint at 6. Thus, the court finds Plaintiff has alleged sufficient facts to have standing to make his RICO claim. The court next turns to consider whether Plaintiff has alleged sufficient facts such that his RICO claim passes the motion to dismiss stage. In other words, the court will next determine whether it is clear no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations in his Complaint.

RICO defines "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An enterprise "must have a common or shared purpose, some continuity of personnel, and an ascertainable structure distinct from the pattern of racketeering." *Asa-Brandt, Inc.*, 344 F.3d at 752 (citing *Handeen*, 112 F.3d

at 1351). The Eighth Circuit Court of Appeals has held that even if the defendants had a relationship with specific individuals that satisfies the requirements of personnel and structure, the plaintiffs must prove the defendants' relationship was "of a conspiratorial nature." *Id.* at 752-53. By failing to prove the relationship was not conspiratorial, the Eighth Circuit Court of Appeals determined the plaintiffs failed to prove at least one element of their RICO claim and did not analyze the remaining elements of the plaintiffs' RICO claim. *Id.* at 753 & n.23.

In this case, taking all facts in the light most favorable to Plaintiff, the non-moving party, the court finds Plaintiff has failed to establish a RICO enterprise. The mere association of Defendants with each other and with others in order to collect debts owed does not amount to an enterprise. Plaintiff does not allege in his Complaint that Defendants have a common or shared purpose, continuity of personnel, and an ascertainable structure distinct from the alleged pattern of racketeering. Indeed, Plaintiff contends Defendants and others have only acted together to allegedly violate RICO.[1] Therefore, the court finds Plaintiff has failed to establish an essential element of his RICO claim. It is clear to the court that no relief could be granted under any set of facts that could be proved consistent with the allegations. Therefore, the court finds it appropriate to grant Defendants' Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

(1) Defendants' Motion to Dismiss (docket no. 9) is GRANTED.

---

[1] For example, Plaintiff alleges the Honorable John J. Bauercamper, District Court Judge for the First Judicial District in Iowa, is involved in the "scam" to "defraud parties such as Darrold L. Brink" by claiming such parties owe credit card debt and giving legal credence to such fraudulent allegation of debt.

(2)   Plaintiff's Complaint is DISMISSED with prejudice.

(3)   All costs are assessed against Plaintiff.

**SO ORDERED.**

**DATED** this 29th day of July, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA